IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOE BARNES,
      Petitioner,

vs.                               Case No.:  1:16cv28/WTH/EMT

JULIE JONES,
      Respondent.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 18).  Petitioner filed a reply (ECF No. 20).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 18).[1]  Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2007-CF-1198, with two counts of capital sexual battery on a person less than 12 years of age (Ex. B).  Following a jury trial, he was found guilty as charged, with additional findings that with respect to Count I, Petitioner penetrated the vagina of the victim, and with respect to Count II, there was penetration of the victim's mouth by Petitioner's sexual organs (Exs. E, F).  On May 12, 2008, Petitioner was sentenced to concurrent terms of life imprisonment (Exs. G, H).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-2658 (Exs. J, K).  The First DCA affirmed the judgment per curiam without written opinion on July 31, 2009, with the

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 18).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.:  1:16cv28/WTH/EMT

mandate issuing August 18, 2009 (Ex. M).  Barnes v. State, 13 So. 3d 469 (Fla. 1st DCA 2009) (Table).

On August 25, 2009, Petitioner filed a motion to mitigate sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. N).  The state circuit court dismissed the motion on September 11, 2009 (Ex. O).

On October 21, 2009, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, asserting six grounds (Ex. P).  The state circuit court denied five grounds (Grounds One, Two, Three, Four, and Six) and dismissed the remaining ground (Ground Five) without prejudice to Petitioner's filing an amended claim (Ex. Q).  The circuit court expressly advised Petitioner that the order was a non-final, non-appealable order (*id.*).  Regardless, Petitioner filed a notice of appeal in the First DCA, Case No. 1D10-246; however, he subsequently filed a motion to voluntarily dismiss the appeal (Ex. R).  The First DCA dismissed the appeal in an order rendered March 8, 2010 (*id.*).  On April 26, 2010, Petitioner filed an amended Rule 3.850 motion (Ex. S).  On May 11, 2010, the circuit court issued a final order denying the amended Rule 3.850 motion (Ex. T).  Petitioner appealed the decision to the First DCA, Case No. 1D10-6741 (Ex. W).  The First DCA affirmed the decision per curiam without written opinion on

March 10, 2011, with the mandate issuing April 5, 2011 (*id.*).  Barnes v. State, 56 So.

3d 768 (Fla. 1st DCA 2011) (Table).

On May 5, 2011, Petitioner filed a second Rule 3.850 motion in the circuit court

(Ex. X).  The circuit court summarily denied the motion more than four years later,

on July 16, 2015 (Ex. Y).  Petitioner appealed the decision to the First DCA, Case No.

1D15-3580 (Ex. Z).  The First DCA affirmed the decision per curiam without written

opinion on January 27, 2016, with the mandate issuing February 23, 2016 (*id.*).

Barnes v. State, 183 So. 3d 352 (Fla. 1st DCA 2016) (Table).

Petitioner filed the instant federal habeas action on February 3, 2016 (ECF No.

1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody

pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—

> **(1)**   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> **(2)**   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the Williams framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63,

71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. Thaler v. Haynes, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); Woods v. Donald, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. See Woods, 135 S. Ct. at 1377 (holding, as to claim that

counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See* Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. Williams, 529 U.S. at 409; *see* Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam). In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme

> malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

Woods, 135 S. Ct. at 1376 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill v. Mecusker, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different

conclusion in the first instance." Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." Id.; see, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. See Cave v. Sec'y for Dep't of Corr., 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit has declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied the AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See* <u>Panetti</u>, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be."  <u>Richter</u>, 562 U.S. at 102.

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

    A.    <u>Ground One:  "Trial counsel was ineffective for failing to file and argue a motion to dismiss."</u>

Petitioner alleges the sexual batteries with which he was charged were classified by the Florida Legislature as capital offenses; therefore, he was entitled to be charged by indictment and tried by a twelve-person jury (ECF No. 1 at 5–6).  Petitioner contends defense counsel was ineffective for failing to seek dismissal of the charges on the ground that Petitioner was charged by information and tried by a six-person jury (*id.*).  He alleges if counsel had filed a motion to dismiss, there is a reasonable probability the trial court would have granted the motion and dismissed the charges (*id.*).

Respondent concedes Petitioner presented this claim to the state courts, and the state courts adjudicated the merits (ECF No. 18 at 15–18). Respondent contends the state court's adjudication was not contrary to or an unreasonable application of clearly established federal law, nor was it based upon an unreasonable determination of the facts (*id.* at 18–21).

            1.      Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

The focus of inquiry under the performance prong of Strickland is whether counsel's assistance was reasonable considering all the circumstances and under prevailing professional norms. Strickland, 466 U.S. at 688–89, 691. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir.

2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'" Id. (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

If the record is not complete regarding counsel's actions, "then the courts should presume 'that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do.'" Jones, 436 F.3d at 1293 (citing Chandler, 218 F.3d at 1314–15 n.15). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable

lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. *See* Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). To establish prejudice, Petitioner must show "that every fair-minded jurist would conclude 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones v. GDCP Warden, 753 F.3d 1171, 1184 (11th Cir. 2014) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," not that counsel's conduct more likely than not altered the outcome of the proceeding. *Id.* (citation omitted). And Petitioner must show that the likelihood of a different result is substantial, not just conceivable. Williamson v. Fla. Dep't of Corr., 805 F.3d 1009, 1016 (11th Cir. 2015) (citing Richter, 562 U.S. at 112). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. *Id.* at 694–95. Further, when

the claimed error of counsel occurred at the guilt stage of trial (instead of on appeal),

Strickland prejudice is gauged against the outcome of the trial, not on appeal. *See*

Purvis v. Crosby, 451 F.3d 734, 739 (11th Cir. 2006) (citing Strickland, 466 U.S. at

694–95).

Finally, when a district court considers a habeas petition, the state court's

findings of historical facts in the course of evaluating an ineffectiveness claim are

subject to the presumption of correctness, while the performance and prejudice

components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier

v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting Strickland's high bar

is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176

L. Ed. 2d 284 (2010). "Establishing that a state court's application of Strickland was

unreasonable under § 2254(d) is all the more difficult." Richter, 131 S. Ct. at 788.

As the Richter Court explained:

> The standards created by Strickland and § 2254(d) are both "highly
> deferential," and when the two apply in tandem, review is "doubly" so.
> The Strickland standard is a general one, so the range of reasonable
> applications is substantial. Federal habeas courts must guard against the
> danger of equating unreasonableness under Strickland with
> unreasonableness under § 2254(d). When § 2254(d) applies, the
> question is not whether counsel's actions were reasonable. The question
> is whether there is any reasonable argument that counsel satisfied
> Strickland's deferential standard.

*Id.* (citations omitted).

2.    Federal Review of State Court Decision

Petitioner presented this claim in Grounds One, Two, Three, and Four of his first Rule 3.850 motion (Ex. P at 4–9).  In the state circuit court's written decision denying the claims, the court correctly stated the deficient performance and prejudice prongs of the <u>Strickland</u> standard as the applicable legal standard (Ex. P at 13–14).  The court adjudicated the claims as follows:

> In the first four grounds, Defendant makes essentially the same argument.  Defendant is claiming that his conviction is unconstitutional because he was charged with a capital offense, but he was not charged by a grand jury indictment or tried by a twelve person jury.  Although sexual battery is a capital felony according to the statute, it is not required that it be charged by an indictment or tried by a twelve person jury.  *See Heuring v. State*, 513 So. 2d 122, 123 (Fla. 1987); *State v. Hogan*, 451 So. 2d 844, 845 (Fla. 1984).  These claims are without merit.

(Ex. Q at 13–14).  The First DCA affirmed the decision without written opinion (Ex. W).

Although an ineffective assistance of counsel claim is a federal constitutional claim which the court considers in light of the clearly established law of <u>Strickland</u>, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law." <u>Alvord v. Wainwright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984) (explaining, in the context of an

ineffective assistance of appellate counsel claim, that "[o]n the one hand, the issue of

ineffective assistance—even when based on the failure of counsel to raise a state law

claim—is one of constitutional dimension," but, "[o]n the other hand, the validity of

the claim [counsel] failed to assert is clearly a question of state law, and we must defer

to the state's construction of its own law.") (citations omitted)[2]; *see also* Callahan v.

Campbell, 427 F.3d 897, 932 (11th Cir. 2005) (holding that defense counsel cannot

be deemed ineffective for failing to make a state-law-based objection when the state

court has already concluded that the objection would have been overruled under state

law; to conclude otherwise would require the federal habeas court to make a

determination that the state court misinterpreted state law, which would violate the

fundamental principle that federal habeas courts should not second-guess state courts

on matters of state law); Herring v. Sec 'y Dep't of Corr., 397 F.3d 1338, 1354–55

(11th Cir. 2005) (denying federal habeas relief on ineffective assistance claim based

on counsel's failure to make state law-based objection; holding that the Florida

Supreme Court's conclusion that the proposed objection would have been overruled

was binding and precluded federal habeas relief on the ineffective assistance claim:

"The Florida Supreme Court already has told us how the issues would have been

---

[2] Alvord was superseded by statute on other grounds as noted in Hargrove v. Solomon, 227
F. App'x 806 (11th Cir. 2007).

resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (alterations in original) (quoting <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Here, as in <u>Alvord</u>, <u>Callahan</u>, and <u>Herring</u>, the state court has already answered the question of whether Petitioner's offenses were required to be charged by indictment and heard by a twelve-person jury—they were not. This court must defer to the state court's determination of state law. Indeed, although Florida Statutes provide that sexual battery on a person under twelve years of age is a capital felony punishable by death, *see* Fla. Stat. §§ 775.082(1), 794.011(2)(a), the Supreme Court of Florida held that a sentence of death for capital sexual battery violates the Eighth Amendment. *See* <u>Adaway v. State</u>, 902 So. 2d 746, 748 (Fla. 2005) (citing <u>Buford v. State</u>, 403 So. 2d 943 (Fla. 1981)). Following <u>Buford</u>, the maximum sentence for capital sexual battery is life imprisonment without eligibility for parole. *See* <u>Adaway</u>, 902 So. 2d at 748 (citing Fla. Stat. § 775.082(1)). Because Petitioner's offenses were not punishable by death, they were not capital offenses, and were properly charged by information and tried by a six-member jury. *See* <u>Batie v. State</u>, 534 So. 2d 694, 694

(Fla. 1988) (citing <u>Heuring v. State</u>, 513 So. 2d 1222 (Fla. 1987), *superceded by*
*statute on other grounds as recognized in* <u>McLean v. State</u>, 934 So. 2d 1248 (Fla.
2006); <u>State v. Hogan</u>, 451 So. 2d 844 (Fla. 1984)).

The failure by Petitioner's counsel to seek dismissal of the charges, on the
ground that they were not charged by indictment and tried by a twelve-person jury,
cannot be deemed deficient performance, and Petitioner cannot show he was
prejudiced by counsel's failure to raise those issues in a motion to dismiss, because
such a motion had no arguable basis for success.

Petitioner failed to demonstrate that the state court's adjudication of Ground
One was based upon an unreasonable determination of fact, or contrary to or an
unreasonable application of <u>Strickland</u>.  Therefore, Petitioner is not entitled to federal
habeas relief on this claim.

B.   <u>Ground Two:  "Trial counsel was ineffective for not requesting that all
lesser-included offenses be included in the jury instructions."</u>

Petitioner contends defense counsel was ineffective for failing to request that
the following lesser included offenses be included in the jury instructions: solicitation
by a person in familial authority, assault, aggravated assault, and aggravated battery
(ECF No. 1 at 8–9).

Respondent concedes Petitioner presented this claim to the state courts, and the state courts adjudicated the merits (ECF No. 18 at 21–23).  Respondent contends the state court's adjudication was not contrary to or an unreasonable application of clearly established federal law, nor was it based upon an unreasonable determination of the facts (*id.* at 23–26).

        1.      Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs this claim.

        2.      Federal Review of State Court Decision

Petitioner raised this claim as Ground Five in his amended Rule 3.850 motion (Ex. S).  The state circuit court adjudicated the claim as follows:

> Defendant contends that "if the jury was presented with all of the lesser included offenses, there exists a great probability that they would have found the Defendant guilty of one of the lessers."  Even if counsel did err by failing to request jury instructions on the additional lesser included offense, Defendant cannot show prejudice.  *See Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006) ("The possibility of a jury pardon cannot form the basis for a finding of prejudice").  Accordingly, this claim is without merit.

(Ex. T at 43).  The First DCA affirmed the decision without written opinion (Ex. W).

  Under Florida law, a jury is permitted to convict of a lesser included offense "only if it decides that the main accusation has not been proved beyond a reasonable doubt." <u>Sanders v. State</u>, 946 So. 2d 953, 958 (Fla. 2006) (internal quotation marks

omitted).  <u>Strickland</u> requires that the court assume that the jury in Petitioner's trial followed this rule of law.   466 U.S. at 694 ("[A] court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.   An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of . . . 'nullification[.]'").  The jury in Petitioner's trial concluded that the evidence against him supported his conviction for the greater offenses on which the jury was instructed, sexual battery on a person less than twelve years of age; therefore, even if the lesser offense instructions had been given, the jury would not have been permitted to convict Petitioner of any lesser included offense because the jury had concluded that the evidence established that Petitioner was guilty of the greater offenses.  *See* <u>Sanders</u>, 946 So. 2d at 958. Further, it is pure speculation to assert in this case—a case where the jury credited the victim's testimony and found as fact that the State proved beyond a reasonable doubt that Petitioner penetrated the victim's vagina and penetrated the victim's mouth with his sexual organs—that there is a reasonable probability the jury would have ignored its own findings of fact and the trial court's instructions on the law, and found Petitioner guilty of any of the lesser included offenses he identifies.

This federal habeas court cannot say that the First DCA unreasonably applied Strickland in concluding that defense counsel's failure to request jury instructions on the lesser-included offenses did not prejudice Petitioner's defense. *See* Santiago v. Sec'y, Fla. Dep't of Corr., 472 F. App'x 888, 888–89 (11th Cir. 2012) (unpublished but recognized for persuasive authority) ("The jury in Santiago's trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict Santiago of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses. . . . Accordingly, we cannot say that the Florida appellate court unreasonably applied Strickland in concluding that Santiago's counsel's failure to request the lesser included offense instructions did not prejudice his defense) (citing Sanders, 946 So. 2d at 958); Magnotti v. Sec'y for Dep't of Corr., 222 F. App'x 934, 940 (11th Cir. 2007) (unpublished); Harris v. Crosby, 151 F. App'x 736, 738 (11th Cir. 2005) (unpublished). Therefore Petitioner is not entitled to relief on Ground Two.

C.    Ground Three:  "Trial counsel was ineffective for failing to properly object to the introduction of certain evidence to the jury."

Petitioner contends defense counsel was ineffective for making a "bare bones" objection to introduction of child hearsay testimony through the child victim's

grandmother, Libby Sylvester, and through a videotape of the child's forensic interview with the Child Protection Team ("CPT") at the Child Advocacy Center ("CAC") (ECF No. 1 at 11–12).  Petitioner contends defense counsel should have argued that the hearsay statements improperly bolstered the victim's trial testimony (*id.*).  Petitioner additionally contends defense counsel failed to object to the trial court's failure to make predicate findings of reliability on the record, as required by Florida Statutes §90.803(23), in conjunction with the court's admission of the child's hearsay statements (*id.*).  Petitioner contends if counsel had made an adequate objection, there is a likelihood the evidence would not have been presented, or at least Petitioner would have been able to obtain  appellate review of the trial court's ruling (*id.*).

Respondent concedes Petitioner presented this claim to the state courts, and the state courts adjudicated the merits (ECF No. 18 at 26–30).  Respondent contends the state court's adjudication was not contrary to or an unreasonable application of clearly established federal law, nor was it based upon an unreasonable determination of the facts (*id.* at 30–34).

1.    Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs this claim.

2.      Federal Review of State Court Decision

Petitioner raised this claim as Ground Six of his Rule 3.850 motion (Ex. P at

10).  The state circuit court adjudicated the claim as follows:

> In ground (vi) Defendant claims that trial counsel was ineffective
> for not "making the proper objection to the CPT Tape and Ms.
> Sylvester's testimony because it bolstered the testimony of an available
> witness."  Prior to trial, the State filed a motion to allow the presentation
> of testimony including child hearsay.  A hearing was held on the motion,
> and the Court ruled in favor of the State.  *See* Trial Transcript, dated May
> 6, 2008, at 45–49.
>
> With regards to the videotape of the interview with the victim, trial
> counsel did object and argue that the interview was unreliable.  *Id.* at
> 46–47.  Trial counsel also argued that the admission of the hearsay
> testimony through the testimony of Libby Sylvester would bolster the
> testimony of the child witnesses.  *Id.* at 47–48; 49.  Therefore trial
> counsel was not ineffective for failing to raise this issue.  Defendant also
> claims that trial counsel should have objected when the Court did not
> make "predicate findings required under the statute on the record.
> §924.05 l(l)(b)."  The statute Defendant cites to addresses preserving
> issues for appeal.  If Defendant is alleging that trial counsel did not
> preserve the objection for appeal, he is incorrect.  In fact, it appears that
> the admission of the child hearsay evidence was raised on appeal.  *See*
> Statement of Judicial Acts to be Reviewed, dated May 29, 2008.  This
> claim is without merit.

(Ex. Q at 15).  The First DCA affirmed the decision without written opinion (Ex. M).

The state court record demonstrates that prior to trial, the State file a Motion for

Ruling on Admissibility of Child Hearsay Statements, giving notice of its intent to

introduce hearsay testimony, pursuant to Florida Statutes § 90.803(23), specifically,

the child victim's statements to her brother, Deontrae Neal, her grandmother, Libby

Sylvester, and a forensic interviewer at the CAC (Ex. C).

Florida Statutes § 90.803 provides, in relevant part:

**(23) Hearsay exception; statement of child victim.—**

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

1.  The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.  In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and

2.  The child . . . . [t]estifies; . . . .
. . . .
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

Fla. Stat. § 90.803(23).

The trial court held a hearing on the admissibility of the child's hearsay statements on May 6–7, 2008 (*see* Ex E at 1–50). The transcript of the hearing shows that defense counsel objected to admission of the child's hearsay statements, but his objections were overruled:

> MR. MCLENNON [defense counsel]: I would argue, your Honor, that the entire atmosphere and circumstance of the [CAC] interview was such that [the victim's] statements were in response to questioning by an adult. I understand Miss Mellman [the prosecutor] is saying that the questions individually were as open ended as could possibly be, but it was certainly clear to [the victim] shortly after she sat down with the interviewer what the subject matter was about and who they were talking about.
>
> So I would argue that the statements she made were in a greater sense in response to fairly specific questioning by the adult, and so I would ask the Court to—I would ask the Court to find that the video should not come in and the defense does object to it.
>
> THE COURT: The objection is noted and overruled. The Child Protection Team video interview will be admitted in evidence.
>
> MS. MELLMAN: Child Advocacy Center.
>
> THE COURT: Child Advocacy Center video conducted by the detective is admitted in evidence.
> . . . .
> MR. MCLENNON: Your Honor, I have reviewed the statute under which Miss Mellman seeks to bring the material in and I have reviewed case law on this. The Court won't be surprised that I'm unhappy with the statute or the way the Courts have ruled on this in the past. My objection is the same objection that other defense attorneys have voiced in the past. It is, in the defense's view, bolstering the

testimony of a witness who is available and expected to testify and apparently is quite able to testify effectively.  So my objection is that, but I do not have any new legal argument to give to this Court but for the record would object.

      THE COURT:  I do understand, and the state of the law is such that the disclosure to the brother, Deontrae, is admitted.
. . . .
      MR. MCLENNON:  The same objection as to the disclosure to the brother, your Honor, nothing new to add.

      THE COURT:  The objection is noted.  It is overruled.  The disclosure to Miss Sylvester, the grandmother, will also be admissible.

(Ex. E at 46–49).  In a written order filed in open court on May 7, 2008, the court granted the State's motion to introduce the child's hearsay statements, on the following grounds:

1.    The Child Hearsay statements made by the victim to the Child Advocacy Center during her forensic interview have sufficient indicia of reliability and are therefore admitted into evidence.

2.    The Child Hearsay statements made by the victim to Deontrae Neal have sufficient indicia of reliability and are therefore admitted into evidence.

3.    The Child Hearsay statements made by the victim to Libby Sylvester have sufficient indicia of reliability and are therefore admitted into evidence.

(Ex. D).

The child victim testified at Petitioner's trial (Ex. E at 86–104). Defense counsel renewed his objection to admission of the child's hearsay statements when the State sought to introduce the CAC video (*id.* at 143–44). The trial court again overruled the objection (*id.* at 144).

Petitioner's first argument is that Attorney McLennon failed to make more than a "bare bones" objection to admission of the child's hearsay statements, and McLennon should have argued that the child's hearsay statements improperly bolstered her trial testimony. However, as the record demonstrates, McLennon objected to admission of the child's hearsay statements not only on the ground Petitioner wanted him to (i.e., the statements improperly bolstered the child's trial testimony), but also on the ground that the hearsay statements were unreliable. Furthermore, Petitioner failed to show a reasonable probability the trial court would have denied admission of the hearsay statements if Attorney McLennon had argued his objection any differently. The state court thus reasonably concluded that Attorney McLennon was not ineffective with regard to his objection to admission of the statements.

Petitioner additionally contends Attorney McLennon was ineffective for failing to object to the trial court's failure to make specific findings of fact, on the record, as

to the basis for its ruling, and that defense counsel's alleged error deprived him of appellate review of the issue.  As previously discussed, when the claimed error of counsel occurred at the guilt stage of trial (instead of on appeal), Strickland prejudice is gauged against the outcome of the trial, not on appeal.  *See* Purvis, 451 F.3d at 739 (citing Strickland, 466 U.S. at 694–95).  Here, Petitioner failed to show a reasonable probability that the jury's verdict would have been different if defense counsel had objected to the court's failure to make more specific findings of fact, in addition to those made it its written order, as to the basis for its ruling that the child's hearsay statements were admissible.  Therefore, Petitioner failed to show he was prejudiced, in the Strickland sense, by defense counsel's failure to object to the trial court's alleged failure to make specific factual findings on the record.

The state court's adjudication of Ground Three was reasonable; therefore, Petitioner is not entitled to habeas relief on this claim.

D.    Ground Four:  "Ineffective assistance of counsel for failure to put prosecution's case to a meaningful adversarial testing."

Petitioner contends defense counsel failed to cross-examine the victim regarding the inconsistencies in her testimony, failed to cross-examine the State's witnesses regarding when their brothers visited Petitioner's apartment, failed to investigate the fact that Petitioner did not have a home phone during the time that the

children were visiting his apartment, failed to rehabilitate the defense witnesses after the State's cross-examination, and failed to object to the State's "improper inference" during cross-examination (ECF No. 1 at 13–17).

Respondent concedes Petitioner presented this claim (including all of its sub-claims) to the state courts, and the state courts adjudicated the merits (ECF No. 18 at 34–39). Respondent contends the state court's adjudication was not contrary to or an unreasonable application of clearly established federal law, nor was it based upon an unreasonable determination of the facts (*id.* at 39–41).

1.    Clearly Established Federal Law

The <u>Strickland</u> standard, set forth *supra*, governs this claim.

2.    Federal Review of State Court Decision

Petitioner raised this claim as Ground One of his second Rule 3.850 motion (Ex. X). The state circuit court adjudicated the claim as follows:

> In the instant motion, Defendant alleges the following grounds for relief:
>
> (Ground 1)  Trial counsel was ineffective for:
>
> > (a)    failing to cross-examine the victim regarding the inconsistencies in her testimony;

> (b)    failing to cross-examine the State's witnesses regarding when their brothers visited Defendant's apartment;
>
> (c)    failing to investigate the fact that Defendant did not have a home phone or cell phone during the time that the children were visiting his apartment;
>
> (d)    failing to rehabilitate the defense witnesses after the State's cross-examination; and,
>
> (e)    failing to object to the State's improper inference during cross-examination.

In order to make out a prima facie case for ineffective assistance of counsel, Defendant must assert that trial counsel's performance did not comply with prevailing standards of professionalism which proved detrimental to the defendant. *Strickland v. Washington*, 466 U.S. 668, 691–92 (1984). lf the movant does not point to prejudice the court need not make a ruling on the performance component, and vice versa. *Johnson v. State*, 593 So. 2d 206, 209 (Fla. 1992). Furthermore, when alleging ineffective assistance of counsel a defendant must plead unprofessional error and prejudice with specificity. *See Smith v. State*, 445 So. 2d 323, 325 (Fla. 1983); *see also Cunningham v. State*, 748 So. 2d 328, 330 (Fla. 4th DCA 2000) (citing *Knight v. State*, 394 So. 2d 997, 1001 (Fla. 1981)) (when claiming deficient performance, "the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading"). It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693. The defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 698.

As to Ground 1(a), Defendant alleges that trial counsel was ineffective for failing to cross-examine the victim regarding the

inconsistencies in her testimony.  According to Defendant, counsel should have challenged the 11-year old victim's assertion that the abuse went on for as long as she indicated.  In her interview with the child protection team, the victim indicated that the abuse occurred from the time that she was in second grade until the time that she was in fourth grade.  *See* Trial Transcript at 90 (lines 6–25) – 98 (lines 1–23), 146 – 170.  Defendant contends that this was not possible.  He also contends that the interviewer "put words in her mouth" and suggested answers to her.

At trial, the defense objected to the video of the interview being introduced into evidence based on the argument that the interviewer suggested answers to the victim.  *See* Trial Transcript at 45 (lines 12–25) – 47 (lines 1–9), 171 (lines 1–3).  In addition, in cross-examining the victim, counsel did seek to raise inconsistencies in her testimony.  *Id.* at 101 (lines 22–25) – 103 (lines 1–11).  However, based on a discussion with Defendant, the decision was made not to pursue cross-examination on certain inconsistencies regarding the sexual contact.  *Id.*  Essentially, the victim did not recall exact dates and years when the abuse occurred.  *Id.* at 96 (lines 12–25) – 97 (lines 1–6), 98 (lines 24–25) – 99 (lines 1–4), 103 (lines 15–25) – 104 (lines 1–9).  However, other State witnesses confirmed the victim's general timeframes [sic] and allegations.  *Id.* at 107 (lines 10–25) – 112 (lines 1–5), 112 (lines 17–25) – 118 (lines 1–8), 118 (lines 18–25) – 122 (lines 1–21), 123 (lines 12–25) – 129 (lines 1–17).

This Court additionally notes that the acts charged were alleged to have occurred between **June 1, 2004, and June 1, 2005**.  *See* Information.  The testimony presented at trial, even that of Defendant and his witness, supports the fact that the charged offenses could have happened during that time.  *See, e.g.*, Trial Transcript at 180 (lines 7–21), 188 (lines 4–9), 191(lines 13–25) – 192 (lines 1–2), 200 (lines 21–25) – 201 (lines 1–4).  In addition, Defendant testified that the offenses could not have occurred after October 2004.  *Id.* at 201 (lines 5–11 ), 206 (lines 6–22).  Thus, counsel did bring out the conflicts in the evidence for the

jury to consider.  For this reason, Defendant fails to show either error by counsel or prejudice.  Accordingly, the claim raised is without merit.

As to Ground 1(b), Defendant alleges that trial counsel was ineffective for failing to cross-examine the State's witnesses regarding when their brothers visited Defendant's apartment.  At trial, the victim testified that only her sister came with her to Defendant's apartment.  *See* Trial Transcript at 90 (lines 19–25) – 91(line 1).  The victim's sister testified similarly.  *Id.* at 107 (line 25) – 108 (lines 1–4).  The victim's brother testified similarly.  *Id.* at 115 (lines 14–25).  The victim's grandmother testified similarly.  *Id.* at 120 (lines 5–17).  The victim's mother testified similarly.  *Id.* at 125 (lines 19–25) – 126 (lines 1–11).  Thus, the State's witness were asked directly whether the boys were at the apartment when she was there.  Furthermore, Defendant and his witness testified that the boys were there when the victim was there.  *Id.* at 184 (lines 13–25) – 185 (lines 1–2), 187 (lines 23–25) – 188 (lines 1–3), 194 (lines 3–16), 203 (lines 3–16), 204 (lines 16–25) – 205 (line 1 ).  Thus, counsel did bring out the conflicts in the evidence for the jury to consider.  For this reason, Defendant fails to show either error by counsel or prejudice.  Accordingly, the claim raised is without merit.

As to Ground 1(c), Defendant alleges that [trial counsel was ineffective for] failing to investigate the fact that Defendant did not have a home phone or cell phone during the timeframe [sic] that the children were visiting his apartment.  During trial, the victim's grandmother testified that when she called Defendant's apartment on occasion, he would tell her that his girlfriend (her niece) was not home.  *See* Trial Transcript at 121 (lines 10–15).  According to Defendant, this could not have been possible because he did not have either a landline [sic] or cell phone.

The record reflects that when Defendant's witness (his live-in girlfriend at the time) was asked if she ever was called in to work to fill-in for co-workers during this time, she responded "no."  *Id.* at 188 (lines 23–25).  When she was asked if she had ever called-in sick during this time, she responded "a couple of times."  *Id.* at 189 (lines 1–4).  She

did not indicate that they did not have a landline [sic] phone or cell phone at the time.

The record also reflects that at one point during his testimony Defendant stated: "Tawanna [the victim's mother], you know, she would call and ask Jennifer would she watch the kids while she go off or go to work or whatever she had to do, and sometimes Jennifer will — like if she ain't seen the kids in a couple weeks or something like that, she would call Tawanna and ask what do the girls need to have done, anything like that, to bring them over." *Id.* at 193 (lines 21–25) – 194 (lines 1–2) (emphasis added). Thus, even Defendant and his witness indicated that they had access to a phone during this time. For this reason, Defendant fails to show either error by counsel or prejudice due to counsel's failure to investigate his purported lack of a phone during this time. Accordingly, the claim raised is without merit.

As to Ground l(d), Defendant alleges that trial counsel was ineffective for failing to rehabilitate the defense witnesses after the State's cross-examination. First, even though Defendant and his defense witness ex-girlfriend [Jennifer Sylvester] had been broken up for over four years, the record reflects that they had a child together; and, that she did not want to see him get in any trouble. *See* Trial Transcript at 182 (lines 8–12), 189 (lines 18- 25). Thus, even if counsel had attempted to rehabilitate her on redirect regarding their post-break up relationship, the State would still have been able to raise the point that they did in their closing argument [(i.e., that Jennifer did not want to get Petitioner in trouble because he was the father of her child)]. *Id.* at 211 (lines 8–13). For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

As to Ground 1(e), Defendant alleges that trial counsel was ineffective for failing to object to the State's improper inference during cross-examination. According to Defendant, counsel should have rehabilitated him on redirect on the issue of his five prior convictions; as well as to the State's question as to the fact that he had the opportunity to hear the other witnesses' testimony before testifying. *Id.* at 176 (lines

1–13), 198 (lines 3–25) – 199 (lines 1–12).  As to the latter, it is proper for the State to point out this fact.  As to the former, had counsel asked Defendant if and why he had pled to his prior convictions (which were drug charges), that would have opened the door to the State pointing out that his prior convictions were for offenses far less serious than the offense for which he was on trial.  Thus, the attempt at rehabilitation would not have accomplished what Defendant suggests it would have [(i.e., the jury might infer, from the fact that Petitioner pleaded guilty to the prior felonies but proceeded to trial in this case, that he was not guilty of the charges in this case)].  For this reason, Defendant fails to show either error by counsel or prejudice.  Accordingly, the claim raised is without merit.

(Ex. Y) (emphasis in original).  The First DCA affirmed the decision without written opinion (Ex. Z).

All of the state circuit court's factual findings, with regard to the testimony brought out by both defense counsel and the prosecutor, and defense counsel's trial tactics (e.g., objecting to introduction of the videotape containing the child's hearsay statements) are fully supported by the trial transcript (*see* Ex. E).  In light of those findings, and the state court's application of Strickland's performance and prejudice prongs to those findings, the state court reasonably concluded that Petitioner failed to satisfy the Strickland standard with respect to his claims that defense counsel failed to cross-examine the victim regarding the inconsistencies in her testimony, failed to cross-examine the State's witnesses regarding when the victim's brothers visited Petitioner's apartment, failed to investigate the fact that Petitioner did not have a

phone during the time the children were visiting his apartment, failed to rehabilitate

defense witnesses (Petitioner and Jennifer Sylvester) after the State's

cross-examination, and failed to object to the State's "improper inference" during

cross-examination of Petitioner.  The reasons set forth in the state circuit court's

thorough and well-reasoned written decision require no further explication or

supplementation.  Petitioner is not entitled to federal habeas relief on Ground Four.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  If a certificate is

issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28

U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has

made a 'substantial showing of the denial of a constitutional right.'"  Miller-El, 537

U.S. at 336 (quoting § 2253(c)(2)).  A petitioner must "sho[w] that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotation marks and citation omitted); *see also* Buck v. Davis, No. 15-8049, 580 U.S. —, 2017 WL 685534, at *12 (Feb. 22, 2017) (defining the relevant question as whether the district court's decision was "debatable") (citing Miller-El, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>13</u><sup>th</sup> day of March 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.